UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

              *Plaintiff*,                            No. 1:24-CV-07776

            v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC,
and ORGANIZATIONAL DOES 1-10.

              *Defendants*.

--------------------------------------------------------X

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u>

## <u>PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY</u>

Plaintiff John Doe ("Plaintiff"), by and through his undersigned counsel The Buzbee Law Firm, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously pursuant to Federal Rule of Civil Procedure ("FRCP") 10a (the "Motion").

## PRELIMINARY STATEMENT

This lawsuit involves claims arising from Defendant Sean Combs' ("Combs") sexual assault and rape of Plaintiff in 2006. In the Complaint (Dkt. No. 1), Plaintiff alleges that he was drugged and sexually assaulted by Combs in the back of a van. Because of the egregious nature of what happened,[1] Plaintiff filed this lawsuit under the pseudonym of John Doe. There is no prejudice to Combs or the other Defendants if Plaintiff is permitted to pursue his claims as John Doe, and if required by this Court, counsel for Plaintiff will confidentially disclose his name to counsel for Defendants. See Buzbee Decl. ¶ 3.

As set forth in the Complaint, Combs has a history of violent and aggressive behavior and has been the subject of numerous civil complaints. *See* Complaint ¶¶ 4 – 19. Currently Combs is in jail awaiting criminal trial on charges of sex trafficking and racketeering, among other things. *Id.* ¶ 20. Combs, and the people within his organizations, are dangerous.

## ARGUMENT

It is well-settled that it is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings. *See, e.g.*, *EW v. N.Y. Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Doe v. Smith*, 189 F.R.D. 239, 242 (E.D.N.Y. 1998), vacated on rehearing and modified on other grounds, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d

---

[1] These details are set forth in the Complaint at ¶¶ 34-52, and not repeated here.

185, 189 (2d Cir. 2008) (internal quotation marks and citation omitted) (alteration adopted). The question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. (internal quotation marks and citation omitted).

I.    **PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED ANONYMOUSLY IN THIS LAWSUIT DUE TO THE SENSITIVE AND PERSONAL NATURE OF THE ALLEGATIONS.**

Plaintiff's interest in anonymity outweighs any other factors that would justify disclosing his name.   When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant.  See *Sealed Plaintiff*, 537 F.3d at 189-90.  In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

(1)   whether the litigation involves matters that are highly sensitive and of a personal nature;

(2)   whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

(3)   whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;

(4)   whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;

(5)   whether the suit is challenging the actions of the government or that of private parties;

(6)    whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7)    whether the plaintiff's identity has thus far been kept confidential;

(8)    whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

(9)    whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10)   whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 189-90 (internal quotation marks, citations, and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as long as the court balances the interests at stake in reaching its conclusion. *See id*. at 191 n.4. When balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously in this action.

A.    <u>This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature</u>

As to the first factor, Plaintiff's claims concern sexual assault and rape and, accordingly, are highly sensitive and of a personal nature.  In similar circumstances, courts have recognized the need to protect the identity of sexual assault victims.  *See Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (allowing victim of sexual abuse to proceed anonymously); *see also Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity).  An action need not involve rape or sexual assault specifically in order to

permit a plaintiff to proceed as a Jane Doe. *See Trooper 1 v. N.Y. State Police*, No. 22 Civ. 00893 (LDH) (TAM), ECF No. 37. In *Trooper 1*, the court held:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously.

*Id.* (citations and quotations omitted). Here, Combs is a public figure and the media attention given to this case has been substantial. This is especially so given that this and other civil lawsuits have followed Combs' criminal indictment as well..

Given this confluence of events, the media attention of this action would undoubtedly create a chilling effect on future plaintiffs in similar circumstances should Plaintiff be forced to disclose his identity. *See, e.g.*, *Doe v. Colgate Univ.*, No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would have on future plaintiffs facing similar situations."); *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). *See also Doe 1 v. McAdam Fin. Grp. LLC*, No. 22 Civ. 00113 (GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022).

B. <u>Plaintiff's Identification Poses a Risk of Retaliatory Physical and/or Mental Harm</u>

The second factor is similarly satisfied in favor of granting anonymity, as Plaintiff's identification poses a risk of both physical and mental harm. Nearly all of the victims represented by Plaintiff's counsel's firm experienced similar threats of violence against either themselves or their loved ones. *See* Buzbee Decl. ¶ 4 & 5. "If disclosure creates risk of harm from third parties, disclosure is disfavored." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at

*4 (S.D.N.Y. May 12, 2020).  There is a significant risk here of physical harm to Plaintiff that cannot be ignored.

In terms of mental harm, Plaintiff's experiences, which as described in the Complaint are deeply traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff.  *See Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact").  Under circumstances in which disclosure of a party's identity could cause further injury, anonymity is routinely permitted.  *See Doe v. Smith*, 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); *Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); *Roe v. Borup*, 500 F. Supp. 127 (E.D. Wis. 1980). In this case, the filing of this lawsuit has garnered significant attention in the press, and if Plaintiff's identity is revealed to the public, there is little doubt that he would be inundated with unwanted attention from the media that would cause her extreme psychological distress.  Plaintiff has suffered mental health injuries beccuase of the occcurence  as a result of Combs' conduct would certainly experience significant harm if he is forced to reveal his identity to the public.

C.  Defendant Combs and the Other Defendants Will Not be Prejudiced by Allowing the Plaintiff to Pursue His Claims Anonymously

Protecting Plaintiff by allowing his use of a pseudonym will not prejudice Defendants.  The Complaint sets forth the factual basis for Plaintiff's claims in detail.  Combs cannot claim to be prejudiced in discovery here simply because Plaintiff may proceed anonymously – other than a

few words exchanged prior to the assault, Plaintiff was anonymous to Combs before, during and after the sexual assault described in the Complaint. And Combs, through his violent behavior and then threats of violence after the event, himself created the very conditions that now drive Plaintiff's need to proceed anonymously in this action.

Defendants will have access to Plaintiff's discoverable information, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with the Rules of Civil Procedure, and obtain any and all documents. There is neither potential prejudice to the Defendant nor a possibility of confusion of identities. Thus, allowing Plaintiff to proceed anonymously will not result in prejudice to the Defendants or in any way interfere with the policy underlying Rule 10a of the Federal Rules of Civil Procedure of apprising the parties of the identity of their opponent. As such, Defendants will suffer no prejudice if Plaintiff is to pursue his claims under the John Doe pseudonym.

In any event, we are at the earliest stages of this case. Defendants' next step is to answer or file a motion to dismiss, neither of which requires disclosure of Plaintiff's identity. Any arguments regarding Defendants' need for additional information about Plaintiff later in the case are premature, and can be dealt with in the ordinary course of litigation as the case proceeds. *See Grottano v. City of New York*, No. 15 Civ. 9242, 2016 WL 2604803, at *3 (S.D.N.Y. Mar. 30, 2016) (granting motion to proceed anonymously and rejecting arguments about impact of anonymity in later stages of litigation). This Court has routinely granted initial leave to file a complaint pseudonymously while reserving the right to order disclosure of a plaintiff's identity at a later stage, suggesting that the standard for making the requisite showing is lower at the pleading stage. *See, e.g., Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 223 (S.D.N.Y. 2015) (denying motion

to proceed pseudonymously *at trial* after allowing plaintiff to proceed under pseudonym earlier in case).

### D. Plaintiff has Kept His Identity Confidential

Further, Plaintiff has taken steps to keep his identity confidential.  For example, he has not spoken publicly about the incidents that underly the causes of action. Buzbee Decl. ¶ 6.

### E. The Public Will Not be Prejudiced if Plaintiff Proceeds Anonymously

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."  *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (holding that Plaintiff suing government was entitled to proceed anonymously).  "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name."  *Id*.  Rather, it would seem that the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim.  In *EW*, 213 F.R.D. 108, the court held that the privacy rights of a patient who brought suit against a blood bank after receiving a tainted blood transfusion outweighed any First Amendment interest in access to her name. The court noted, "[t]he modern invention of today includes access to court files by those surfing the Internet.  The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint."  *Id*. at 112-13.  In this case, the sensitive and personal nature of Plaintiff's allegations of sexual assault and rape and the likelihood of further psychological injury overcomes any presumption of openness.

### F. Allowing Plaintiff to Proceed Anonymously Furthers Public Interest

The Court's favor granting anonymity in these circumstances, as allowing Plaintiff to proceed anonymously, furthers the public interest.  In *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa.

2001), the plaintiff requested that he be able to proceed anonymously.  As here, the plaintiff in Evans was a victim of sexual assault. In considering the public interest, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id*. at 176.  Plaintiff requests the same consideration here to protect his identity and he would suffer significant psychological harm if he is forced to reveal his identity to the public.

## **<u>CONCLUSION</u>**

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

Dated: January 13, 2025

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
Texas Bar No. 24053318
cleavitt@txattorneys.com
Ryan S. Pigg
Texas Bar No. 24088227
rpigg@txattorneys.com
David C. Fortney
Texas Bar No. 24068740
dfortney@txattorneys.com
Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com
Crystal Del Toro
Texas Bar No. 24090070
cdeltoro@txattorneys.com
J.P. Morgan Chase Tower

600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiff John Doe*

-   AND  -

**AVA LAW GROUP**
Andrew Van Arsdale
CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

-   AND  -

**CURIS LAW, PLLC**
/s/ Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor New
York, New York 10007 Phone:
(646) 335-7220 Facsimile:
(315) 660-2610