```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

JOHN DOE,

                Plaintiff,

     - against -                           MEMORANDUM AND ORDER

SEAN COMBS, DADDY'S HOUSE                  24 Civ. 7776 (NRB)
RECORDINGS INC., CE OPCO, LLC,
d/b/a COMBS GLOBAL f/k/a COMBS
ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BODY PRODUCTIONS HOLDINGS,
INC., BAD BOY BOOKS HOLDINGS,
INC., BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

                Defendants.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff is one of many who have sued Sean Combs ("Combs") in this District, alleging sexual assault.[1] Before the Court is plaintiff's motion to proceed anonymously under the pseudonym John Doe. For the following reasons, plaintiff's motion is denied.

## BACKGROUND

Plaintiff alleges that he provided security services for Combs at an August 2007 party held at his East Hampton home, during

---

[1] Defendants are Sean Combs and his companies, namely: Daddy's House Recordings Inc., CE OPCO, LLC, doing business as Combs Global, formerly known as Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, "defendants").

-1-

which Combs drugged and sexually assaulted him.  ECF No. 28 (First Amended Complaint, or "FAC") ¶¶ 35-52.  Plaintiff further alleges that Combs' companies enabled Combs to commit this assault.  Id. ¶¶ 56-60.

Plaintiff filed this lawsuit on October 14, 2024, asserting a single cause of action under New York City's Victims of Gender-Motivated Violence Protection Act, ECF No. 1, and filed an Amended Complaint on December 10, 2024, FAC.  On January 13, 2025, plaintiff filed a motion to proceed anonymously, ECF No. 34, as well as an accompanying memorandum of law in support of the motion, ECF No. 37, proposed order, ECF No. 36, and declaration, ECF No. 35.  Defendants oppose this motion.  See ECF No. 52 ("Opp.").

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a), which requires that the title of a complaint name all the parties to a litigation, "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008).  "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption."  U.S. v. Pilcher, 950 F.3d 39, 45 (2d Cir. 2020).

Nonetheless, in limited circumstances, courts may grant an exception and allow a plaintiff to proceed under a pseudonym when the plaintiff's "interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant." Sealed Plaintiff, 537 F.3d at 189.  In Sealed Plaintiff, the Second Circuit articulated a non-exhaustive list of ten factors for courts to consider when conducting this balancing test.  Id. at 189-90.[2]  However, the court further noted that the district court need not "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion."  Id. at 191 n.4.

## DISCUSSION

This case is one of many in this District against Combs and his companies wherein a plaintiff seeks anonymity.  At least five courts in this District have already issued decisions declining to

---

[2]    These factors include: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously . . .; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of [his] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [his] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [his] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff . . ." Sealed Plaintiff, 537 F.3d at 189-90 (internal quotation marks and citations omitted).

grant anonymity to plaintiffs in similar cases against Combs. See Doe v. Combs, No. 23 Civ. 10628 (JGLC), 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024); Doe v. Combs, No. 24 Civ. 8054 (MKV), 2024 WL 4635309 (S.D.N.Y. Oct. 30, 2024), reconsideration denied No. 24 Civ. 8054 (MKV), 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024); Doe v. Combs, No. 24 Civ. 8810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025); Doe v. Combs, No. 24 Civ. 777 (LJL), 2025 WL 722790, at *1 (S.D.N.Y. Mar. 6, 2025); Doe v. Combs, No. 24 Civ. 7778 (JLR), 2025 WL 934358 (S.D.N.Y. Mar. 27, 2025); Doe v. Combs, No. 24 Civ. 9852 (JLR), 2025 WL 934380 (S.D.N.Y. Mar. 27, 2025); Doe v. Combs, No. 24 Civ. 8852 (JPC), 2025 WL 950685 (S.D.N.Y. Mar. 28, 2025). One court has granted anonymity, but stated its intent to "revisit [that] decision at a future date." See Doe v. Combs, No. 24 Civ. 7975 (AT), 2024 WL 5220449, at *3 (S.D.N.Y. Dec. 26, 2024). Under these circumstances, we will only briefly state our findings on the various factors relevant to this motion.[3]

### I. Factor 1: Plaintiff's Case Involves Sensitive and Personal Claims

Plaintiff asserts that the first factor weighs in his favor because his claims concern sexual assault. See Mot. at 4. However, "while this factor supports granting [p]laintiff's motion, . . . the nature of [p]laintiff's allegations alone does

---

[3] The applicable law in this motion is not in dispute. See ECF No. 37 ("Mot.") at 3-4; Opp. at 6-7.

-4-

not suffice to permit [him] to proceed anonymously." Doe v. Gong Xi Fa Cai, Inc., No. 19 Civ. 2678 (RA), 2019 WL 3034793, at *1 (S.D.N.Y. July 10, 2019). Indeed, courts in this District have denied motions to proceed anonymously in numerous cases involving sexual assault allegations, including those pending against Combs. See, e.g., supra at 4; Rapp v. Fowler, 537 F. Supp. 3d 521, 533 (S.D.N.Y. 2021) (denying motion to proceed anonymously in case involving statutory rape); Doe v. Townes, No. 19 Civ. 8034 (ALC) (OTW), 2020 WL 2395159, at *7 (S.D.N.Y. May 12, 2020) (denying same motion in case involving sexual assault); Doe v. Weinstein, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020) (same). Accordingly, this factor is not dispositive.

## II. Factors 2 and 3: Plaintiff Fails to Identify Particularized Harm from Disclosure

Although plaintiff argues otherwise, the second and third factors, which consider the risk of harm to plaintiff if his identity is disclosed, do not favor him. To justify the exceptional relief of proceeding anonymously, plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of his identity. See Gong Xi Fa Cai, 2019 WL 3034793, at *2 (finding anonymity not warranted "absent more direct evidence linking disclosure of [plaintiff's] name to a specific physical or mental injury"); Fowler, 537 F. Supp. 3d at 528-30 (explaining that at issue on a motion to proceed anonymously

-5-

is whether public disclosure would cause unique harm above and beyond the harm caused by the underlying events).

Plaintiff contends that his experiences were "deeply traumatic" and that "having those experiences played out in a public forum could spark more trauma[,]" particularly given the public attention on lawsuits against Combs. Mot. at 6. However, these "conclusory statements and speculation about mental harm are insufficient" to bolster his request for anonymity. Combs, 2024 WL 4635309 at *3 (quotation marks and citation omitted); see also Doe v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019); Doe 1 v. United States, 732 F. Supp. 3d 291, 297 (S.D.N.Y. 2024) ("Without corroboration from medical professionals, . . . general allegations of potential trauma are 'mere speculation' about a potential and conclusory risk of psychological injury that cannot support [a] motion to proceed anonymously[.]") (citation omitted). Where, as here, plaintiff has failed to identify any particularized harm that might result from the disclosure of his identity, neither factor two nor three weighs in his favor.[4]

---

[4] Plaintiff also argues that disclosure would pose a risk of physical harm. However, he states only that "[n]early all of the victims represented by [plaintiff's counsel] experienced similar threats of violence against either themselves or their loved ones." Mot. at 5. The complaint relates to an event that occurred nearly 18 years ago, and plaintiff does not allege that he has ever experienced any threats of violence. Moreover, Combs is currently under criminal indictment and in federal custody at the Metropolitan Detention Center. See U.S. v. Combs, No. 24 Crim. 542 (S.D.N.Y.). Accordingly, plaintiff has failed to articulate more than "speculative risks of harm[.]" See U.S. v. UCB, Inc., No. 14 Civ. 2218 (TPG), 2017 WL 838198, at *4 (S.D.N.Y. Mar. 3, 2017).

## III. Factor 6: Prejudice to Defendants Would Result if Plaintiff Proceeds Anonymously

"In considering the sixth factor," which evaluates the prejudice to defendants absent disclosure, "courts have examined difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously." Fowler, 537 F. Supp. 3d at 531 (internal quotation marks and citations omitted).[5]

Plaintiff claims that his use of a pseudonym would not prejudice defendants because "[p]laintiff was anonymous to Combs before, during, and after the sexual assault." Mot. at 6-7. However, despite plaintiff's claims, concealment of plaintiff's identity could hamper defendants' ability to conduct discovery. See Fowler, 537 F. Supp. 3d at 531. For example, defendants are likely to seek discovery from third-party witnesses, including plaintiff's employer. See Weinstein, 484 F. Supp. 3d at 97

---

[5] Plaintiff's briefing does not address the fourth factor, which concerns whether he is particularly vulnerable due to his age. As an adult, plaintiff cannot, and does not, contend that he is "particularly vulnerable to the possible harms of disclosure . . . in light of his age." Sealed Plaintiff, 537 F.3d at 190.

Nor does plaintiff address the fifth factor, which distinguishes between suits against private parties and the government. Courts are more reluctant to permit anonymity where, as here, a suit involves private individuals, as allegations of misconduct "'may cause damage to their good names and reputations,' among other things." Doe v. Skyline Automobiles, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (quoting North Jersey Media Group Inc. v. Doe Nos. 1-5 d/b/a Stoopidhousewives.com, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012)).

(considering that defendant "might need to disclose [plaintiff's] name to at least some third parties" in finding that this factor weighed against plaintiff). When one party is anonymous and others are not, there exists a significant "asymmetry in fact-gathering." Doe v. Leonelli, No. 22 Civ. 3732 (CM), 2022 WL 2003635, at *5 (S.D.N.Y. June 6, 2022) (quoting Weinstein, 484 F. Supp. 3d at 97-98).

In addition, plaintiff is one of many who has levied serious accusations against defendants, and the pending suits have garnered significant media attention.[6] "[C]ourts have found that defending against such allegations publicly, while a plaintiff is permitted to make [his] 'accusations from behind a cloak of anonymity,' is prejudicial." Gong Xi Fa Cai, 2019 WL 3034793, at *2 (quoting Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). As such, the sixth factor also weighs against plaintiff.

## IV. Factor 7: Plaintiff Has Kept His Identity Confidential

With respect to the seventh factor, which asks whether plaintiff's identity has thus far been kept confidential, plaintiff asserts that he has not spoken publicly about the

---

[6]  See, e.g., Elizabeth Wagmeister and Kara Scannell, "Sean 'Diddy' Combs accused of sexual assault in six new lawsuits, including one case involving alleged teenage victim," CNN (Oct. 14, 2024), https://www.cnn.com/2024/10/14/entertainment/sean-diddy-combs-six-new-lawsuits/index.html (last accessed March 26, 2024); Claudia Rosenbaum, "A Guide to the Many Lawsuits Against Diddy," Vulture (Apr. 2, 2025), https://www.vulture.com/article/diddy-lawsuit-allegations-explainer.html.

incidents underlying his cause of action. See Mot. at 8. However, there appears to be reason to question this representation. Specifically, we refer to an interview conducted by CNN with a Combs plaintiff in December 2024, during which the interviewee maintained his anonymity but provided a detailed description of the alleged sexual assault and its consequences that matches the allegations in plaintiff's complaint. See Elizabeth Wagmeister, "Diddy accuser speaks out for the first time on his sexual assault allegations: 'I felt powerless,'" CNN (Dec. 11, 2024), https://www.cnn.com/2024/12/11/entertainment/diddy-accuser-first-ever-interview/index.html (last accessed March 26, 2025); see also AC ¶¶ 35-36.[7]

Ultimately, even if plaintiff's representation were accurate, the seventh factor is not sufficiently significant to tip the scales in his favor. See Weinstein, 484 F. Supp. 3d at 97.

---

[7] Specifically, the interviewee alleged that Combs drugged and sexually assaulted him while he was working as a security guard at a "White Party" that occurred on Combs' property in East Hampton, New York in 2007.

The CNN interview attracted significant media attention, with various other media outlets reporting on the interviewee's allegations. See, e.g., Cheyenne Roundtree, "Security Guard Claims Sean Combs Assaulted Him While Celebrity Watched and 'Found It Amusing,'" Rolling Stone (Dec. 11, 2024), https://www.rollingstone.com/music/music-news/security-guard-claims-sean-combs-assaulted-him-while-celebrity-watched-1235198598/; Kimberlee Speakman, "Diddy Accuser Says He 'Felt Powerless,' Was 'Screaming' During Alleged Sexual Assault: 'He Was Acting Like It Was Nothing,'" People.com (Dec. 11, 2024), https://people.com/diddy-s-accuser-breaks-silence-on-alleged-incredibly-painful-sexual-assault-8759511; Will Potter, "Diddy accuser claims second star watched 'in amusement' as Sean Combs 'sodomized him at White Party,'" DailyMail.com (Dec. 11, 2024), https://www.dailymail.co.uk/news/article-14181511/Diddy-White-Party-security-guard-celebrity-watched.html.

## V. Factors 8 and 9: The Public Interest Factors Weigh in Favor of Disclosure

By contrast, factors eight and nine, which consider the public interests at stake, strongly weigh against permitting plaintiff to proceed anonymously.  Plaintiff argues that the public "has a far greater interest in knowing who is accused of sexual abuse . . . than any interest in knowing the specific identity of a victim[,]" Mot. at 8, and that allowing him to proceed anonymously would further the public interest in "protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."  Mot. at 8-9 (citing Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001)).

However, "[i]n private civil suits, courts recognize there is a significant interest in open judicial proceedings[.]"  Fowler, 573 F. Supp. 3d at 532 (citation omitted).  Moreover, plaintiff's deterrence argument has already been rejected by other courts in this District in other cases currently pending against Combs. See Combs, 2024 WL 4635309, at *6 ("[A] number of other alleged victims have already sued Combs in their own names . . . [and] obviously were not deterred by the long line of previous cases in which courts in this District have rejected motions to proceed under a pseudonym brought by alleged victims of sexual assault[.]"); Combs, 2024 WL 863705, at *5 (noting this interest "has been repeatedly rejected by courts in this District as an adequate basis

-10-

by itself to warrant anonymity") (internal quotation marks and citation omitted).

Further, plaintiff's action is precisely the type of case involving "particular actions and incidents" in which open proceedings would "benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." Weinstein, 484 F. Supp. 3d at 97-98 (internal quotation marks and citation omitted).  This is magnified where, as here, plaintiff "has made his allegations against a public figure." Fowler, 537 F. Supp. 3d at 532-33 (stating that, although the public generally has an interest in protecting sexual assault plaintiffs, "it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault").

On balance, both factors weigh against plaintiff's use of a pseudonym.

## VI. Factor 10: Alternative Mechanisms for Protecting Confidentiality Exist

Finally, should a need for specific confidentiality arise in this case, there are alternative methods available to protect the confidentiality of plaintiff's information.  The tenth factor weighs against a plaintiff where, as here, he "[could] seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information[.]" Weinstein, 484 F.

-11-

Supp. 3d at 98 (citations omitted). The defendants have represented that they are willing to enter into a stipulated protective order. Opp. at 15. As such, the tenth factor does not favor anonymity.

## CONCLUSION

In sum, plaintiff has not met his burden of demonstrating that his interest in anonymity outweighs the public interest in disclosure and any prejudice to defendants. <u>Sealed Plaintiff</u>, 537 F.3d at 189. Accordingly, plaintiff's motion to proceed anonymously is denied.

Plaintiff shall file a complaint in his own name no later than April 23, 2025. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 34.

**SO ORDERED.**

Dated:   April 9, 2025
         New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE